UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREN KAZMIERSKI,

   Plaintiff,

  v.            Case No. 19-C-257

ANDREW M. SAUL,
Commissioner of Social Security,

   Defendant.

**DECISION AND ORDER REVERSING THE COMMISSIONER'S DECISION**

  This is an action for judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Karen Kazmierski's application for a period of disability and disability insurance benefits under Title II of the Social Security Act. For the reasons set forth below, the Commissioner's decision will be reversed and remanded for further proceedings.

## BACKGROUND

  On November 13, 2015, Plaintiff completed an application for a period of disability and disability insurance benefits, alleging disability beginning July 1, 2015. She listed cervical degenerative disc disease with radiculopathy, residuals of right carpal tunnel surgery, and ulnar radial transposition (left) as the conditions that limited her ability to work. R. 199. After her application was denied initially and on reconsideration, Plaintiff requested an administrative hearing before an administrative law judge (ALJ). ALJ Jeffry Gauthier held a hearing on November 29, 2017. Plaintiff, who was represented by counsel, and a vocational expert testified at the hearing. R. 31–74.

At the time of the hearing, Plaintiff was 61 years old, lived in a house with her husband, and worked at Meijer Food Stores. R. 37–39. Plaintiff worked 20 hours a week and was responsible for changing the prices throughout the store. R. 44–45. Prior to that, Plaintiff worked briefly in a garden center at Masterpiece Flower. R. 43. From 2002 until 2014, Plaintiff worked for a trucking company as a collections assistant. R. 41. She was responsible for collecting on any outstanding invoices and mailing the invoices to the customers. R. 42.

Plaintiff testified that the condition that limited her ability to work the most is her degenerative disc disease in her neck. R. 46. She stated that her condition causes pain and causes her arms to tingle. Plaintiff received injections in intervals of at least three months to treat her pain. R. 47. She reported that the injections made the pain tolerable for a couple of months. R. 48. Plaintiff also testified that she had arm surgeries and that she gets headaches four times a week. R. 52, 63.

Plaintiff then testified to a normal day in her life. She stated that she works five-hour shifts four days a week at Meijer. R. 53. She indicated that she liked her job, but she gets pain from working. R. 61. The pain typically worsens as the day progresses. R. 62. Plaintiff testified that she drives herself to work, to doctor appointments, to stores, and to visit her father twice a week. R. 40, 54. After work, she will clean up the house by washing some clothes, dusting, and cleaning the sink. R. 54–55. Her husband vacuums, changes the bedding, and cleans the bathtub. *Id.* Plaintiff will occasionally prepare dinner consisting of baked chicken or frozen pizza. R. 55. She testified that she liked to garden, but she no longer does work in the garden because it causes pain. R. 56.

In a decision dated May 30, 2018, the ALJ found Plaintiff was not disabled. R. 15–25. The ALJ concluded Plaintiff had not engaged in substantial gainful activity since July 1, 2015,

2

the alleged onset date. R. 17. The ALJ found Plaintiff had the following severe impairments: residuals of right carpal tunnel syndrome, ulnar radial transposition (left), and cervical degenerative disc disease with radiculopathy. R. 18. He then concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

The ALJ ultimately determined Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations: "She can never climb ladders, ropes or scaffolds. She can frequently kneel, crouch and crawl. She can occasionally climb ramps and stairs. The claimant can occasionally reach overhead with her upper extremities." *Id.* With these limitations, the ALJ found that Plaintiff is capable of performing past relevant work as an administrative clerk. R. 24. Based on these findings, the ALJ determined Plaintiff has not been under a disability from July 1, 2015 through May 30, 2018, the date of the decision. R. 25.

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. After the Appeals Council issued its decision, Plaintiff commenced this action for judicial review.

**LEGAL STANDARD**

Judicial review of the decisions of administrative agencies is intended to be deferential. *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010). The Social Security Act specifies that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind could accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010). Although a decision denying benefits need not discuss

every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Given this standard, and because a reviewing court may not substitute its judgment for that of the ALJ, "challenges to the sufficiency of the evidence rarely succeed." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005).

Additionally, the ALJ is expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

## ANALYSIS

Plaintiff raises several challenges to the ALJ's decision, but the court finds only one need be addressed since it is enough by itself to require a remand. Plaintiff asserts that the ALJ's treatment of the opinion of her treating physician, Dr. Mark Aasen, did not comply with the Commissioner's regulations. Dr. Aasen was involved with Plaintiff's care at Advanced Pain Management and Pain Centers of Wisconsin. In November 2015, Dr. Aasen opined that Plaintiff was limited to working a maximum of five to six hours a day. R. 548–50. He reiterated this opinion in April 2016 and indicated this was a permanent restriction. R. 547. Dr. Aasen prepared a letter report in November 2017 stating that Plaintiff had cervical degenerative disc disease with radiculopathy and that her reported symptoms included considerable neck pain with varying degrees of cervical radiculopathy. He noted that Plaintiff responded well to periodic cervical

4

epidural injections with reductions in symptoms, which gradually weaned over time. When Plaintiff reported she had considerable difficulty managing her symptoms when she worked full-time, Dr. Aasen recommended part-time work, opining that full-time work would produce a worsening of symptoms. R. 593. The ALJ gave Dr. Aasen's opinions limited weight. The ALJ explained:

> Of note, the claimant continues to work without accommodation, albeit on a part-time basis. However, she testified that she continues to participate in a variety of daily activities in addition to her work commitments. These activities demonstrate physical capabilities beyond her reported limitations. These activities included going to see her father twice a week, cleaning her house, washing clothes, dusting, preparing meals and doing limited gardening (Hearing Testimony). This demonstrates capabilities consistent with the comprehensive functional capacity evaluation performed in August 2017 (Exhibit 14F). Dr. Aasen's opined restriction appears to be largely based on the claimant's subjective reporting. Further, his opinion that the claimant could work 5-6 hours a day is not work preclusive. Six hours a day six days a week or five hours a day seven days a week would fall within his opined restriction and result in earnings at substantial gainful activity level.

R. 23.

Plaintiff challenges the ALJ's conclusion that Dr. Aasen's opinion that Plaintiff could work five to six hours a day is not work preclusive because she could work six hours a day six days a week or five hours a days seven days a week. Plaintiff notes that a claimant's RFC finding must be built around the activities a claimant can physically do on a regular and continuing basis. SSR 96-8p. Moreover, "[a] regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see also Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) ("The RFC represents the maximum a person can do—despite his limitations—on a 'regular and continuing basis,' which means roughly eight hours a day for five days a week." (quoting SSR 96-8p)).

In this case, the ALJ did not reject Dr. Aasen's opinion that Plaintiff could only work five to six hours a day but instead found it consistent with his conclusion that Plaintiff was not

5

disabled. Plaintiff argues that the ALJ's decision cites no regulation or Social Security Ruling holding that an individual incapable of completing an eight-hour shift is presumed to be able to return to work so long as she works every day of the week. *See* Pl.'s Br. at 13, Dkt. No. 11. Nor does the ALJ cite any authority for the proposition that thirty-five or thirty-six hours a week is "an equivalent work schedule."

The Commissioner contends that the ALJ reasonably determined that Plaintiff could work a standard eight-hour day for five days a week and suggests that the ALJ "most likely clumsily articulated what would have been a reasonable point—that Dr. Aasen opined that Plaintiff could work close to a 40-hour week." Def.'s Br. at 12, Dkt. No. 19. But the court cannot speculate as to the ALJ's decision-making. The ALJ failed to reconcile the apparent conflict between his conclusion that Plaintiff could work a standard eight-hour day for five days per week with Dr. Aasen's opinion that Plaintiff could only work a maximum of five to six hours per day. An ALJ's decision must contain a sufficient explanation of his reasoning to permit the reviewing court to assess the adequacy of his conclusions. *See Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (noting that the ALJ "must provide an accurate and logical bridge between the evidence and her conclusion that a claimant is not disabled" (internal quotation marks and citation omitted)). The ALJ's failure to do so here is error, and remand is therefore appropriate.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is **REVERSED** and **REMANDED** to the Agency pursuant to 42 U.S.C. § 405(g) (sentence four). Although the decision is reversed because the ALJ's treatment of Dr. Aasen's opinion did not comply with the Commissioner's regulations, the Commissioner should also address Plaintiff's other claims of error on remand. This would include Plaintiff's contention that the ALJ failed to explicitly consider the relevant factors for assessing the opinion of a treating physician when it is not given

6

controlling weight and her argument that the ALJ failed to properly assess evidence of limitations in her ability to use her hand for fine or gross manipulation. Further consideration of those claimed errors on remand will aid in reaching a final resolution of the case and avoid further remands in the future. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 23rd day of March, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court